IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY E. BURKS | § | |
|    TDCJ-CID #832224 | § | |
| | § | |
| VS. | § | C.A. NO. C-04-484 |
| | § | |
| OSCAR MENDOZA, ET AL. | § | |

### ORDER ON PLAINTIFF'S DISCOVERY MOTIONS

In this civil rights action, plaintiff complains that on June 5, 2004, Officer Repka used excessive force against him and that Sergeant Hernandez failed to implement the proper use of force plan in violation of plaintiff's constitutional rights. On July 1, 2005, defendants filed a motion for summary judgment on the grounds of no injury and qualified immunity (D.E. 21). By orders entered November 8, 2005, discovery was limited to the issue of qualified immunity and plaintiff was given an extension of time until December 29, 2005, to file his summary judgment response (D.E. 35, 36).

Pending are plaintiff's motion to compel production of documents (D.E. 37), motion to compel and for discovery sanctions (D.E. 40), and motion for a telephonic hearing (D.E. 41), to which defendants have filed a response (D.E. 42). In his motion to compel production of documents, plaintiff requests that defendants be ordered to produce the following:

> [1] the Use of Force investigation including the medical report and pictures of the Plaintiff's injuries; [2] the video confession from Plaintiff; any and all officer's statements who witnessed or had knowledge of this Unauthorized Use of Force Incident; [3] witness statements from other inmates who witnessed part of, or all of this incident; [4] and last but not least, Senior Warden Oscar Mendoza's investigative report that concluded that "my claims against staff did have merit in part, and that disciplinary action will be taken as appropriate."

D.E. 37 at 2.

In response, defendants relate that on March 16, 2005, they produced to plaintiff copies of his classification file, disciplinary file, and grievance file. D.E. 42 at 1-2. In addition, defendants have

produced an affidavit from the custodian of records for the Office of the Inspector General (OIG) stating that the OIG has no information concerning OIG investigations, criminal cases, information files or major use of force reports pertaining to plaintiff.  See D.E. 42, Ex. A.  Moreover, counsel for defendants states that he specifically requested from the TDCJ: (1)  a copy of the June 5, 2004 use of force report, plus use of force video; (2) any OIG report for June 5, 2004; and (3) any and all correspondence related to the June 5, 2004 use of force.  D.E. 42 at 3.  Defendants' counsel relates that he produced in his initial disclosure to plaintiff all the information he received from the TDCJ in response to his request.

It appears that plaintiff is seeking the production of documents that do not exist.  In fact, a very element of plaintiff's claim against Sergeant Hernandez is that he failed to properly employ a use of force, including a video tape or medical examination, thus it is not surprising that no such documentation exists.  It seems that defendants have produced to plaintiff all documentation they have in their possession related to the June 5, 2004 incident.  Accordingly, plaintiff's motion to compel production of documentation (D.E. 37) is DENIED.

Plaintiff moves that the Court deem admitted plaintiff's requests for admissions because the defendants' have not responded.  D.E. 40.  He claims that his discovery requests relate directly to the issue of official immunity and establish that a fact issue exists regarding whether an assault occurred.  Id. at ¶¶ 11, 12.  In particular, plaintiff claims that defendants were questioned by Captain Givens and/or Lieutenant Hughes and that defendants' statements to these officials differ from the affidavits defendants have submitted in this case.  Id.  In addition, plaintiff claims that Warden Mendoza instituted disciplinary action against Officer Repka as a result of the June 5, 2004, use of force and that Officer Repka was in fact disciplined.

As to plaintiff's motion to compel (D.E. 40), Request Nos. 5, 6, and 10, do in fact relate to the

issue of official immunity, and the motion is granted in part.  **Defendant Repka is ORDERED to admit or deny Request Nos. 5, 6, and 10 on or before January 20, 2006, and to serve his answers on plaintiff.  Plaintiff is granted an extension of time until January 31, 2006, to file his supplemental response to the summary judgment response.**  No further extensions will be granted.

Plaintiff's remaining requests for admission do not involve disputed facts nor do they relate to the specific use of force at issue, and his request to deem those matters admitted is DENIED.

There is no basis for sanctions, and plaintiff's request for same is DENIED.  There is no need for a hearing, and plaintiff's motion for a telephonic hearing (D.E. 41) is DENIED.  All relief not specifically granted by this order is DENIED.

ORDERED this 5TH day of January, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE