IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY E. BURKS | § | |
|    TDCJ-CID #832224 | § | |
| | § | |
| VS. | § | C.A. NO. C-04-484 |
| | § | |
| OSCAR MENDOZA, ET AL. | § | |

**OPINION AND ORDER**
**ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56 (D.E. 21). Following several extensions of time (D.E. 29, 36, 43), plaintiff has filed a response in opposition (D.E.44). Having considered the record, motions, affidavits and documentary evidence in support thereof, defendants' motion for summary judgment is granted in part, and denied in part.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. The parties consented to the jurisdiction of a Magistrate Judge (D.E. 8, 25). By Order of Reassignment entered August 5, 2005, this action was re-assigned to the undersigned magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 28).

## II. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff currently resides in Kirbyville, Texas. On the dates of the incidents at issue, plaintiff was a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and was incarcerated at the Garza East Transfer Facility in Beeville, Texas. In his original complaint, plaintiff alleged, *inter alia*, that on June 5, 2004, defendant Officer James Repka used excessive force against him, and that defendant Sergeant Leandro Hernandez failed to implement the proper use of force procedures in deliberate indifference to plaintiff's health and

safety, and each in violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (D.E. 1). Following a December 16, 2005 evidentiary hearing, certain of plaintiff's claims against other defendants were dismissed; plaintiff's Eighth Amendment claims against Officer Repka and Sergeant Hernandez were retained. (D.E. 10). Both defendants have raised the defense of qualified immunity. (D.E. 16, 21).

### III. SUMMARY JUDGMENT EVIDENCE AND UNCONTESTED FACTS

In support of their motion for summary judgment, defendants offer the following evidence:

Exh. A:   Affidavit of Dr. Maximiliano J. Herrera;

Exh. B:   Affidavit of Sergeant Hernandez; and

Exh. C:   Affidavit of Sergeant Repka.

D.E. 21.

Plaintiff offers his unsworn declaration, D.E. 44, attachment 1,[1] and a copy of his step 1 grievance dated June 8, 2004, and signed by Warden O. Mendoza. D.E. 44, attachment 2.

The following facts are not in dispute:

On June 5, 2004, plaintiff was returning to his housing dorm with a group of other inmates. PAmC[2] at ¶ 9. Officer Repka was stationed at the entrance of the dorms performing random pat searches as offenders were returning from the dining hall. Repka Aff't at ¶ 3. Officer Repka took plaintiff to the side and searched him. PAmC at ¶ 9, 14, 16; Repka Aff't at ¶ 4. Following the

---

[1] Section 1746, Title 28, permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct." Plaintiff's declaration satisfies these requirements. See Burks Dec. at ¶ 2.

[2] "PAmC" refers to plaintiff's amended complaint, filed at D.E. 19.

search, plaintiff complained to Sergeant Hernandez about Officer Repka.[3] PAmC at ¶ 23; Repka Aff't at ¶ 4; Hernandez Aff't at 3.

On June 5, 2004, plaintiff filed a step 1 grievance complaining that Officer Repka had grabbed his right arm and jerked him out of the line for a pat search. D.E. 44, Attach. 2. Plaintiff reported further that Officer Repka had forced him to the wall, kicked his legs apart, applied pressure to his neck, and then, during the search, had squeezed plaintiff's testicles. Id.

In a response to Plaintiff's step 1 grievance dated July 16, 2004, Warden Mendoza stated:

Your claims against staff did have merit in part, and corrective action will be taken as appropriate. Disciplinary action against employees will not be addressed through this procedure. The Office of Inspector General reviewed your allegations and will not open an investigation. No further action is warranted.

D.E. 44, Attach. 2 at 2.

On July 26, 2004, plaintiff was diagnosed with a possible left inguinal hernia. Herrera Aff't at ¶ 6. The hernia diagnosis was confirmed on August 5. 2004. Id.

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the

---

[3] Plaintiff testified that he complained to Sergeant Hernandez of Officer Repka's use of force and sexual assault; Sergeant Hernandez states that plaintiff complained only of Officer Repka using profanity

party opposing the motions. Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. See id. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." FED. R. CIV. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 248-49. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence . . . a verdict should not be directed." Anderson, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the

4

suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248.

## V. DISCUSSION

**A.     Claims against defendants in their official capacities.**

Plaintiff is seeking monetary and punitive damages, in an unspecified amount. PAmC at ¶¶ 46-51.

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars a suit for money damages against a state or state agency. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44 (1996). A judgment may not be entered against a state officer in his official capacity for violating federal law in the past, although prospective relief may be granted. <u>Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146, 113 S. Ct. 684, 688-89 (1993).

To the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Thus, defendants' motion for summary judgment to dismiss plaintiff's claims against them for money damages in their official capacities is granted, and those claims are dismissed with prejudice.

**B.     Qualified Immunity**

Defendants' move for summary judgment on the grounds of qualified immunity. The qualified immunity determination involves a two-step analysis: first, "'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'" <u>Mace v. City of Palestine</u>, 333 F.3d 621, 623 (5th Cir. 2003) (quoting <u>Price v. Roark</u>, 256 F.3d 364, 369 (5th Cir. 2001)). If a constitutional violation is alleged,

the Court must next determine "whether the right was clearly established – – that is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 624. Once defendants have invoked the defense of qualified immunity, the burden shifts to plaintiff to show that the defense is inapplicable. McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

The threshold question in a qualified immunity analysis is whether a constitutional right would have been violated on the facts alleged. Saucier v. Katz, 533 U.S. 194, 200 (2001).

**1.     Excessive force.**

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. Gomez, 163 F.3d at 923.

*Step 1 – Constitutional violation.*

Assuming the facts in the light most favorable to plaintiff, plaintiff has demonstrated that there is a genuine issue of material fact as to whether Officer Repka used excessive force when he subjected plaintiff to the pat search. Plaintiff claims that Officer Repka used excessive force against him during the pat search by pulling him by the arm, throwing him against the wall, kicking his feet apart, pulling his head back, and then squeezing his testicles. PamC at ¶¶ 9-18. He claims that he

was in pain during the search, suffered bruises to his neck, and later discovered a knot in his groin area that was subsequently diagnosed as a hernia. PAmC at ¶¶ 19, 24, 27, 30. Plaintiff states that he did not resist the search and cooperated with Officer Repka such that the use of force employed was unreasonable. PAmC at ¶ 23.

Defendants argue that plaintiff's excessive force claim must fail because he cannot establish that Officer Repka's actions *caused* his hernia. In support of this argument, defendants offer the affidavit of Dr. Herrera who opines that, even if Officer Repka pulled and squeezed plaintiff's testicles, it did not cause plaintiff's hernia. Herrera Aff't at ¶ 7.[4] Dr. Herrera also notes that "[t]here is [sic] no medical records of that incident on Offender Burks on the said date [June 5, 2004]." Id. at ¶ 5. Dr. Herrera testifies that plaintiff complained of genital/urinary symptoms on June 3, 2004, and on July 23, 2004. Id.

Regardless of when plaintiff first complained of his symptoms or the cause of the diagnosed hernia, plaintiff testified that Officer Repka physically handled him in such a way as to cause pain and bruising, such that the excessive force resulted in "some injury." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (injury need not be significant). According to plaintiff, he was in severe pain and could hardly stand or walk foloowing the use of force. PAmC at ¶ 24. His injuries were significant enough to be present the next day such that Sergeant Black had him evaluated by a nurse and his injuries photographed. PAmC at ¶ 29. The fact that there is no evidence in plaintiff's medical record that he sought medical attention the day of the incident actually supports his claim that force was used, but that the TDCJ rules mandating the documenting of that force and required medical review thereafter were not employed. Plaintiff has stated a claim of excessive force against Officer Repka.

---

[4] Curiously, Dr. Herrera fails to attach a copy of plaintiff's medical records to his affidavit.

*Step 2: Objective reasonableness.*

For a right to be clearly established under the second step of the qualified immunity analysis, "[t]he contours of that right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "The central concept [of the test] is that of fair warning: The law can be clearly established despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. Hope v. Pelzer, 536 U.S. 730, 740 (2002). Even officers who interpret the law mistakenly but reasonably are entitled to immunity. See Anderson, 483 U.S. at 641.

Officer Repka does not suggest that any legal principle involved was not clearly established at the time of the use of force. Thus, whether his actions were objectively reasonable depends on whether the pat search was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 5 (1992).

Plaintiff alleges that, as he was entering the housing dorm, Officer Repka grabbed his arm and jerked him through the door. PAmC at ¶ 9. When plaintiff complained, Officer Repka jerked him again and told him that he could grab plaintiff in anyway he wanted. PAmC at ¶ 12. Plaintiff pulled away from Officer Repka, who then threw plaintiff to the wall and placed him in a choke hold. PAmC at ¶¶ 13, 14. Officer Repka rammed plaintiff's head into the wall and conducted the pat search, including the squeezing of plaintiff's testicles, telling plaintiff that he could touch him "when and how he so pleased." PAmC at ¶¶ 15-17. In his affidavit, Officer Repka states that he "performed the pat search on offender Burks without incident and without having to use any type of force.'" Repka Aff't at ¶ 4.

Assuming the facts in the light most favorable to plaintiff, it cannot be said that Officer Repka's actions were objectively reasonable. There are genuine issues of material fact regarding the need for an application of force and the relationship between the need and the amount of force used. Thus, fact issues preclude the entry of summary judgment on Officer Repka's defense of qualified immunity, and the motion for summary judgment as to Officer Repka is denied.

### 2. Deliberate indifference.

Plaintiff's allegation against Sergeant Hernandez is that he failed to act affirmatively in the face of a use of force incident. Defendants correctly point out that a prison official's mere failure to follow TDCJ rules or regulations does not amount to a constitutional violation. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). However, plaintiff's allegations suggest that Sergeant Hernandez was deliberately indifferent to his health and safety when he failed to implement the use of force plan under the circumstances of this case. That is, implementation of the use of force plan in this case *was* the minimal constitutional requirement to be met, yet Sergeant Hernandez failed to do so.

*Step 1 – Constitutional violation.*

Prison officials may be liable under the Eight Amendment if they are deliberately indifferent to the health and safety of the inmates under their charge. Farmer v. Brennan, 511 U.S. 825, 834, (1994). The deliberate indifference standard "describes a state of mind more blameworthy than

negligence." Farmer, 511 U.S. at 835.  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id. at 837.  The reason for focusing on the official's mental attitude is to isolate those defendants who inflict punishment.  Id. at 839.  Deliberate indifference may be inferred from the fact that the risk of harm is obvious.  Hope v. Pelzer, 536 U.S. 760, 738-39 (2002).

It would appear that one of the very purposes of TDCJ having a use of force plan is to protect the health and safety of the inmates.  The use of force plan involves the videotaping of the use of force in addition to the presence of other correctional officers and supervising officials or "rank."  Thus, plaintiff's allegation that force was used and that Sergeant Hernandez failed to implement the plan designed to protect plaintiff's health and safety in such a circumstance states a claim of deliberate indifference.

### *Step 2 – Objective reasonableness.*

Sergeant Hernandez admits that he did not call for a use of force.  Hernandez Aff't at ¶ 4.  Whether his actions were objectively reasonable depends on whether he knew what had actually happened between plaintiff and Officer Repka.  Sergeant Hernandez states that, after being called to the incident, plaintiff did not tell him that a use of force had taken place, and, had he done so, he would have filed a use of force report.  Hernandez Aff't at ¶ 4.  Plaintiff states the opposite: that he advised Sergeant Hernandez of the force, but that Sergeant Hernandez would not let him make a record of the assault and that he prevented him from seeking medical attention.  Burks' Dec. at ¶¶ 4, 5.  In addition, plaintiff claims that he reported the incident the following day to another officer,

Sergeant Black, who then had plaintiff seen by a nurse, as well as plaintiff's injuries videotaped.[5] Burks' Dec. at ¶ 8.  Given the facts as stated by plaintiff, Sergeant Hernandez' decision to not implement the use of force plan was not objectively reasonable.  There is a genuine issue of a material fact concerning whether Sergeant Hernandez' failure to implement a use of force plan could amount to deliberate indifference under the circumstances of this case.  Accordingly, fact issues preclude the entry of summary judgment in favor of Sergeant Hernandez on the issue of qualified immunity,  and his motion for summary judgment on plaintiff's claims against him in his individual capacity is denied.

## VI.  CONCLUSION

Plaintiff's claims for money damages against defendants in their official capacities are barred by the Eleventh Amendment, and defendants are granted summary judgment in their favor dismissing those claims.  Defendants' motion for summary judgment on plaintiff's claims against them in their individual capacities is DENIED.  A deadline for filing the joint pretrial order will issue and this case will be scheduled for trial.

ORDERED this 8th day of February, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants do not mention Sergeant Black or the June 6, 2004 videotape of plaintiff's injuries.

11